FILED
CLERK, U.S. DISTRICT COURT
2/16/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE CRISTEA, <br> aka "David Jacobs," <br><br> Defendant. | No. CR 2:23-cr-00077-JFW <br><br> I N D I C T M E N T <br><br> [18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1029(a)(2): Unlawful Use of Unauthorized Access Devices; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. §§ 982 and 1029: Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. § 1344(2)]

A.  INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.  The California Department of Social Services ("DSS") administered benefits to residents of California through Electronic Benefit Transfer ("EBT") accounts, including CalFresh and CalWorks benefits.

2.   CalFresh benefits were intended for low-income California residents who met federal income eligibility rules and wanted to add to their budget to purchase healthy and nutritious food for their households.  CalWorks benefits were intended for low-income California residents with children who met federal income eligibility rules for cash aid to use for expenses including housing, utilities, or medical care.

3.   To qualify for CalFresh or CalWorks benefits, a California resident had to submit an application for the benefits, asserting that the resident met certain eligibility rules.

4.   Once a resident qualified for CalFresh or CalWorks benefits, DSS administered an EBT card to the recipient that could be used to access the recipient's EBT account through various financial institution automated teller machines ("ATMs"), including U.S. Bank, or to make point-of-sale purchases like a credit or debit card.  Upon receiving the EBT card, the recipient would create a Personal Identification Number ("PIN") that would be used to access the EBT account with the EBT card.

5.   DSS would normally deposit monthly EBT benefits, including CalFresh and CalWorks benefits, directly into the EBT account at the beginning of each month.  The recipient could then use the EBT card to withdraw benefits from the EBT account using ATMs, including ATMs that U.S. Bank operated.

6.   U.S. Bank was a financial institution that was insured by the Federal Deposit Insurance Company.

7.   "Skimming devices" were fraudulent devices installed at ATM machines to surreptitiously steal and store card account numbers and

PIN information from cards, including EBT cards, that were inserted into ATM machines.

8. "Cloned cards" were cards that have been re-encoded with account numbers and PIN information that did not match the account number or other visible characteristics on the front of the card. The information re-encoded onto cloned cards may be obtained from skimming devices.

9. Cloned cards may be used at ATMs to withdraw cash benefits, including CalFresh and CalWorks benefits, from the accountholder's EBT account.

B. THE SCHEME TO DEFRAUD

10. Beginning on a date unknown to the Grand Jury, but no later than on or about January 1, 2023, and continuing through at least on or about February 2, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant GEORGE CRISTEA, also known as "David Jacobs," knowingly and with intent to defraud, devised and executed a scheme to obtain moneys, funds, assets, and other property owned by and in the custody and control of financial institutions, including U.S. Bank, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

11. The fraudulent scheme operated, and was carried out, in substance, in the following manner:

   a. Defendant CRISTEA, and others known and unknown, would obtain cloned EBT cards that had been re-encoded with EBT account numbers, including CalFresh and CalWorks account numbers, and PIN and personal identifying information retrieved from skimming devices, in names other than his own, that belonged to EBT beneficiaries.

b.  Defendant CRISTEA would use the re-encoded EBT cards, along with the corresponding stolen PIN numbers and personal identifying information, to conduct fraudulent cash withdrawals, including of CalFresh and CalWorks benefits, without permission or authorization from the EBT account holders.  In doing so, defendant CRISTEA falsely represented that he was the EBT account holder and was otherwise an authorized user of the EBT card, and concealed that the withdrawals defendant CRISTEA made with the re-encoded EBT cards were made without the authorized user's consent.

C.  EXECUTION OF THE FRAUDULENT SCHEME

12.  On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant CRISTEA committed the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DATE | ACT |
| --- | --- | --- |
| ONE | January 1, 2023 | Used an EBT account issued in the name of E.G. to withdraw $880 at a U.S. Bank ATM in Los Angeles, California |
| TWO | January 1, 2023 | Used an EBT account issued in the name of B.R. to withdraw $260 at a U.S. Bank ATM in Los Angeles, California |
| THREE | January 2, 2023 | Used an EBT account issued in the name of K.R. to withdraw $1,000 at a U.S. Bank ATM in Los Angeles, California |
| FOUR | January 2, 2023 | Used an EBT account issued in the name of B.P. to withdraw $1,500 at a U.S. Bank ATM in Los Angeles, California |

4

COUNT FIVE

[18 U.S.C. § 1028A(a)(1)]

On or about January 2, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant GEORGE CRISTEA, also known as "David Jacobs," knowingly transferred, possessed, and used, without lawful authority, a means of identification that defendant CRISTEA knew belonged to another person, namely, the name and account number of victim K.R., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Three of this Indictment.

COUNT SIX

[18 U.S.C. § 1029(a)(2)]

Beginning on a date unknown, but no later than on or about January 1, 2023, and continuing through on or about February 2, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant GEORGE CRISTEA, also known as "David Jacobs," knowingly and with intent to defraud, used unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, Electronic Benefit Transfer account numbers belonging to persons other than defendant CRISTEA, and by such conduct obtained things of value aggregating at least $1,000 during a one-year period, with said use having an effect on interstate and foreign commerce.

COUNT SEVEN

[18 U.S.C. § 1029(a)(3)]

On or about February 2, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant GEORGE CRISTEA, also known as "David Jacobs," knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, approximately 269 Electronic Benefit Transfer account numbers, all issued to persons other than defendant CRISTEA, with said possession affecting interstate and foreign commerce.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Five of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of the defendant's conviction of the offenses set forth in any of Counts Six and Seven of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

(b)   Any personal property used or intended to be used to commit the offense; and

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

9

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                    A TRUE BILL

                                    /s/

                                  Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

NISHA CHANDRAN
Assistant United States Attorney
General Crimes Section